UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICK NILO GIL,<br><br>      Plaintiff,<br><br>    v.<br><br>JP MORGAN CHASE BANK, N.A.,<br><br>      Defendant. | **MEMORANDUM & ORDER**<br>23-CV-02268 (HG) (JAM) |

**HECTOR GONZALEZ**, United States District Judge:

  Plaintiff is representing himself *pro se* and has asserted a negligence claim against Defendant, his bank, related to an allegedly unauthorized withdrawal from his account. ECF No. 1. Plaintiff has also applied for permission to file his complaint *in forma pauperis* without paying the District's filing fee. ECF Nos. 2, 7. As further set forth below, the Court denies Plaintiff's *in forma pauperis* application because he does not satisfy the indigence requirement for *in forma pauperis* status, and the Court further dismisses Plaintiff's complaint because the facts alleged clearly demonstrate that Plaintiff's claim does not satisfy the amount in controversy necessary to invoke diversity jurisdiction. Since the Court is dismissing Plaintiff's complaint for lack of subject matter jurisdiction, the dismissal is without prejudice to Plaintiff asserting his claim in another court that can exercise jurisdiction over it, such as a state court that may exercise personal jurisdiction over Defendant.

## BACKGROUND

  Plaintiff is currently incarcerated but alleges that prior to his incarceration he had opened a bank account at one of Defendant's branches in Queens County. ECF No. 1 at 1. He alleges that while he was detained in jail on the charges that resulted in his current incarceration, Defendant permitted an unauthorized transaction in his account that led to the withdrawal of

approximately $2,500. *Id.* at 1, 8, 18. Plaintiff has attached to his complaint documents from Defendant and the facility where he is incarcerated showing that the money was eventually refunded to Plaintiff several years later after Defendant investigated and corroborated Plaintiff's assertion that he did not authorize the withdrawal. *Id.* at 8, 18, 21. However, Plaintiff alleges that he was temporarily deprived of that money at a crucial point in time—when he needed to hire a lawyer to defend him against the charges for which he was detained. *Id.* at 3–4.

Plaintiff argues that, since he was not able to hire a lawyer, he received multiple court-appointed attorneys who were constitutionally ineffective, which caused him to incur multiple "filing fees" to assert claims of ineffective assistance while defending himself in his criminal case. ECF No. 1 at 3–4. Plaintiff also argues that his inability to retain an adequate lawyer led to: (i) his incarceration; (ii) the corresponding "los[s] of [his] time, wages, [and] apartment"; and (iii) significant pain, emotional distress, and medical bills that resulted from an assault against him in prison. *Id.* at 5. Plaintiff demands as damages $5,000, plus an unspecified amount to compensate him for these other "costs." *Id.*

As mentioned above, Plaintiff has applied for *in forma pauperis* status. ECF No. 8. A copy of his prison trust account, which was included as part of the application, shows that Plaintiff had approximately $4,200 in his account as of the end of April 2023. *Id.* at 4. But Plaintiff says that he has not earned monthly income since losing his prison job in November 2022. ECF No. 2 at 1. Since losing that job, Plaintiff says that he received $150 in December 2022 and $50 in January 2023 from unspecified sources, which the Court infers are gifts or loans from family or friends. ECF No. 8 at 1.

## **LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1] "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint," along with any document for which "the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021). Courts are also "permitted to consider matters of which judicial notice may be taken." *Simmons v. Trans Express Inc.*, 16 F.4th 357, 360 (2d Cir. 2021).

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020). Typically, "a *pro se* complaint should not be dismissed without granting leave to amend at least once" whenever the Court "cannot rule out any possibility, however unlikely it might be,

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

3

that an amended complaint would succeed in stating a claim." *Elder v. McCarthy*, 967 F.3d 113, 132 (2d Cir. 2020).

When a *pro se* litigant requests *in forma pauperis* status pursuant to 28 U.S.C. § 1915, the Court is required to "screen for and dismiss legally insufficient claims," *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007), because that statute requires the Court to dismiss a complaint that "fails to state a claim on which relief may be granted," *see* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Alvarez v. Garland*, 33 F.4th 626, 637 (2d Cir. 2022) (reiterating that such dismissal is mandatory). But even if a *pro se* plaintiff has not received *in forma pauperis* status, "district courts may dismiss a frivolous complaint *sua sponte*." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000); *see also Jean-Baptiste v. Westside Donut Huntington Ventures LLC*, No. 23-826-cv, 2023 WL 8015698, at *1 (2d Cir. Nov. 20, 2023) (affirming *sua sponte* dismissal of *pro se* complaint without prior notice to plaintiff and reiterating that "[a] district court has the inherent authority to dismiss a complaint *sua sponte*, even when the plaintiff has paid the filing fee, when it is clear that the claims are frivolous"). Although the Second Circuit disfavors dismissing a complaint *sua sponte* without giving advance notice to the plaintiff, such dismissals are appropriate if "it is unmistakably clear that the court lacks jurisdiction." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82–83 (2d Cir. 2018).

**DISCUSSION**

"A litigant need not be 'absolutely destitute' to qualify for *in forma pauperis* status but need demonstrate only that they 'cannot because of their poverty pay or give security for the costs and still be able to provide themselves and dependents with the necessities of life.'" *Rosa v. Doe*, ___ F.4th ___, 2023 WL 8009400, at *3 (2d Cir. Nov. 20, 2023) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). When assessing an *in forma pauperis* application filed by an incarcerated litigant, courts "may not simply presume that, because

4

incarceration provides food and lodging, the movant does not need any financial resources to secure necessities." *Id.* at *7. Instead, "prisoners may well have financial obligations that warrant consideration in a Section 1915(a) evaluation: medical debts, court fines, student loans, support orders, among other examples." *Id.* at *6 (reversing denial of *in forma pauperis* status to incarcerated litigant who had approximately $600 in his prison account—*i.e.*, more than the filing fee—but periodically sent money to support family members and had significant debts).

However, the Court still has an obligation to review *in forma pauperis* applications and must dismiss a case if it determines that a plaintiff's "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). "The question of whether a plaintiff qualifies for [*in forma pauperis*] status is within the discretion of the district court." *Chowdhury v. Sadovnik*, No. 17-cv-2613, 2017 WL 4083157, at *1 (E.D.N.Y. Sept. 14, 2017); *see also Rosa*, 2023 WL 8009400, at *4 (reiterating that the Second Circuit "review[s] the denial of a motion to proceed *in forma pauperis* for abuse of discretion").

Plaintiff does not qualify for *in forma pauperis* status. His inmate trust account records show that he has had more than $4,200 available in his prison trust account for several consecutive months—more than ten times the District's filing fee—and significantly more than the $600 that the incarcerated plaintiff had in *Rosa*. ECF No. 8 at 4–7; *see Rosa*, 2023 WL 8009400, at *3. Plaintiff is also differently situated from the prisoner in *Rosa* because his *in forma pauperis* application identifies no debts and no financial support obligations to family and friends. ECF No. 8 at 2. Plaintiff can, therefore, pay the District's filing fee "and still be able to provide himself and [his] dependents with the necessities of life." *Adkins*, 335 U.S. at 339.

Having concluded that Plaintiff is ineligible for *in forma pauperis* status, the Court also dismisses Plaintiff's complaint *sua sponte* for lack of subject matter jurisdiction. Plaintiff's complaint asserts only a state law negligence claim; he does not assert any claims under federal

5

law. ECF No. 1. Since Plaintiff does not allege that any party is a citizen or subject of a foreign country, he must show that: (i) the parties are "citizens of different States," and (ii) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). "[A] plaintiff invoking federal jurisdiction must demonstrate a reasonable probability that the amount-in-controversy requirement is satisfied." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017). Even though the plaintiff bears this burden, courts may not dismiss a complaint for failure to satisfy the amount-in-controversy requirement unless they conclude with "a legal certainty that the plaintiff could not recover the amount alleged or that the damages alleged were feigned to satisfy jurisdictional minimums." *Id.*

Plaintiff cannot possibly show that the amount in controversy requirement is satisfied. His claim is based on Defendant's allegedly negligent act of permitting approximately $2,500 to be withdrawn from his bank account—an amount that the materials attached to Plaintiff's complaint show that Defendant eventually refunded him. ECF No. 1. Plaintiff's assertion that he is entitled to damages beyond the amount of the withdrawal is based on his attempt to argue that his temporary deprivation of these funds prevented him from hiring a competent lawyer to defend against criminal charges filed against him, which triggered a series of events that caused him other financial and physical harms. *See id.* at 3–4.

Although Plaintiff labels his claim as a negligence claim, the Court instead interprets it as a breach of contract claim because if a plaintiff customer has an account agreement with a defendant bank, any claim related to the bank's handling of funds must be brought as a breach of contract claim. *See Serengeti Express, LLC v. JP Morgan Chase Bank, N.A.*, No. 19-cv-5487, 2020 WL 2216661, at *4–5 (S.D.N.Y. May 7, 2020) (dismissing negligence claim based on unauthorized withdrawal because "[plaintiff] entered into a contract, the Deposit Account Agreement, with [defendant]" and, "under New York law, such a relationship between a bank

and its depositor is deemed contractual"). The correspondence between Defendant and Plaintiff that Plaintiff attached as exhibits to his complaint shows that his account with Defendant was governed by both a Deposit Account Agreement and a Wire Transfer Agreement. ECF No. 1 at 8, 12. Plaintiff cannot recover the damages he seeks through a breach of contract claim because "such indirect or consequential damages were not foreseeable" to Defendant as the ordinary consequence of an unauthorized withdrawal, and those damages, therefore, do not count towards the amount in controversy requirement. *See Kruglov v. Copart of Conn., Inc.*, 771 F. App'x 117, 119 (2d Cir. 2019) (affirming *sua sponte* dismissal of *pro se* complaint and holding that breach of contract claim based on defendant selling plaintiff an inoperable car could not include as damages "a salary of $129,000 from a job interview opportunity that [plaintiff] lost because he had no car to drive to the interview").

  The Court would reach the same conclusion even if Plaintiff's claim were properly brought as a negligence claim. Damages are the proximate cause of a defendant's allegedly negligent act only if they are "a *normal or foreseeable consequence* of the situation created by the defendant's negligence." *Hain v. Jamison*, 68 N.E.3d 1233, 1237 (N.Y. 2016) (emphasis in original). A plaintiff cannot prove proximate cause if his alleged damages occurred because of intervening actions that were "extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant's conduct." *Id.* Although issues related to proximate cause and foreseeability "are generally questions for the factfinder," Plaintiff's complaint presents an "instance[] in which proximate cause can be determined as a matter of law." *Id.* at 1238. Being arrested, convicted, and assaulted in prison are simply not the foreseeable consequences of an unauthorized withdrawal from a person's bank account; they are extraordinary circumstances that occur because of actions committed by parties other than the bank. Since Plaintiff cannot recover these damages, "it is unmistakably clear that

7

the court lacks jurisdiction" over his state law claim, regardless of whether it is characterized as a breach of contract or negligence claim. *Catzin*, 899 F.3d at 82–83.

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's motion seeking permission to file his case *in forma pauperis* without prepaying the District's filing fee. *See* ECF Nos. 2, 8. The Court also dismisses Plaintiff's complaint for lack of subject matter jurisdiction. Although the Court is not permitting Plaintiff to file an amended complaint, this dismissal is without prejudice because Plaintiff may attempt to assert his claim in another court that can exercise jurisdiction over it, such as a state court that may exercise personal jurisdiction over Defendant.

The Clerk of Court is respectfully directed to enter judgment, to close this case, and to mail Plaintiff a copy of the forthcoming judgment. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, denies Plaintiff *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Court's staff is mailing Plaintiff a copy of this order, along with copies of the unpublished decisions referenced in this order, in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

SO ORDERED.

                                          */s/ Hector Gonzalez*
                                          HECTOR GONZALEZ
                                          United States District Judge

Dated: Brooklyn, New York
       December 11, 2023